HOME FIRE INSURANCE COMPANY OF OMAHA V. W.
BERNSTEIN.

FILED JUNE 9, 1898.   No. 8174.

1. **Insurance: KNOWLEDGE OF AGENT.** Knowledge on the part of the
agent of an insurance company, authorized to countersign and
issue its policies, of facts which render the contract voidable at
the insurer's option is knowledge of the company, and of such
facts is that additional insurance has been obtained contrary to
an expressed condition of the contract. *Gans v. St. Paul & Marine
Ins. Co.*, 43 Wis. 108, and *Eagle Fire Co. v. Globe Loan & Trust Co.*,
44 Neb. 380, followed.

2. ———: **ENTIRE AND DIVISIBLE POLICIES.** A policy of insurance in
which the sum thereof is stated in the aggregate, but further
expressed in a specific amount on each several designated por-
tions of the insured property, is not an entire and indivisible
contract, but as to each division of the property it is entire,
though there may be included in a division several articles.

3. ———: ———. A condition or provision of such a policy will not
be construed as applicable to the property considered as a whole,
but as operative and of force relative to each separated portion or
division thereof.

4. ———: ———: **PROVISION AGAINST INCUMBRANCES.** If of several
articles included in one of the divisions of property in such a
policy, and as to which the amount for which the several articles
are insured is stated in gross, and not in any manner specifically,
any are incumbered by mortgage, it is violative of a condition of
the contract wherein it is provided "This entire policy, unless
otherwise provided by an agreement indorsed hereon or added
hereto, shall be void, * * * if the property now is, or shall
become during the term of this policy, incumbered by mortgage
or otherwise;" and such violation is effective ground of defense
for the company in an action on the policy for a loss by fire of
the said articles or some of them.

ERROR from the district court of York county. Tried
below before BATES, J. *Reversed.*

The opinion contains a statement of the case.

*B. G. Burbank,* for plaintiff in error:

The procuring of additional insurance subsequent to
the issuance of the policy rendered it void. (*Union Mutual*

*Life Ins. Co. v. Mowry*, 96 U. S. 544; *Walton v. Agricultural Ins. Co.*, 116 N. Y. 317; *Kimball v. Ætna Ins. Co.*, 9 Allen [Mass.] 540; *Eagle Fire Co. v. Globe Loan & Trust Co.*, 44 Neb. 381; *German Ins. Co. v. Heiduk*, 30 Neb. 288; *Burlington Ins. Co. v. Campbell*, 42 Neb. 208; *Cleaver v. Traders Ins. Co.*, 32 N. W. Rep. [Mich.] 660, 39 N. W. Rep. [Mich.] 571; *American Ins. Co. v. Neiberger*, 74 Mo. 173; *Swan v. Watertown Fire Ins. Co.*, 96 Pa. St. 43; *New York Life Ins. Co. v. Fletcher*, 117 U. S. 519; *Richardson v. Maine Ins. Co.*, 46 Me. 394; *Johnson v. Dakota Fire & Marine Ins. Co.*, 45 N. W. Rep. [N. Dak.] 799; *Hankins v. Rockford Ins. Co.*, 35 N. W. Rep. [Wis.] 34; *Brown v. Massachusetts Mutual Life Ins. Co.*, 59 N. H. 307; *Gould v. Dwelling-House Ins. Co.*, 51 N. W. Rep. [Mich.] 455; *Herbst v. Lowe*, 65 Wis. 321; *Quinlan v. Providence-Washington Ins. Co.*, 31 N. E. Rep. [N. Y.] 31.)

The execution of the chattel mortgages rendered the entire policy void. (*Agricultural Ins. Co. v. Morrow*, 43 Neb. 788; *Lee v. Agricultural Ins. Co.*, 44 N. W. Rep. [Ia.] 683; *Koontz v. Hannibal Savings & Ins. Co.*, 42 Mo. 126; *Holloway v. Dwelling-House Ins. Co.*, 21 Ins. L. J. [Mo.] 379.)

*Jacob Fawcett*, also for plaintiff in error.

*N. V. Harlan, contra:*

Knowledge on the part of an agent of an insurance company, of facts that render the contract voidable at the insurer's option, is knowledge of the company. (*Eagle Fire Ins. Co. v. Globe Loan & Trust Co.*, 44 Neb. 381; *Gans v. St. Paul Fire & Marine Ins. Co.*, 43 Wis. 108; *Home Fire Ins. Co. v. Hammang*, 44 Neb. 566.)

An agent of an insurance company may verbally waive the conditions of a policy of insurance, though the policy provides that conditions can only be waived by writing indorsed thereon. (*Eagle Fire Ins. Co. v. Globe Loan & Trust Co.*, 44 Neb. 381; *Hughes v. Insurance Co. of North America*, 40 Neb. 626; *Burlington Ins. Co. v. Rivers*, 28

S. W. Rep. [Tex.] 453; *Phenix Ins. Co. of Brooklyn v. Covey*, 41 Neb. 724.)

The incumbering of a part of a number of chattels, where the property can be distinguished and separated, does not render the policy void as to the unincumbered portion. (*State Ins. Co. v. Schreck*, 27 Neb. 527; *Merrill v. Agricultural Ins. Co.*, 73 N. Y. 452; *Knowles v. American Ins. Co.*, 21 N. Y. Sup. 50; *Phœnix Ins. Co. v. Lorenz*, 29 N. E. Rep. [Ind.] 604.)

HARRISON, C. J.

Of date May 1, 1893, there was countersigned by the agents of the plaintiff at York and issued to defendant in error a policy of insurance against loss by fire which in respect to consideration, time of existence of the contract, the location and description of the property insured was in terms as follows:

"In consideration of nine dollars premium, and the stipulations herein named, does insure W. Bernstein, for the term of one year from the first day of May, 1893, at noon, to the first day of May, 1894, at noon, against all direct loss or damage by fire except as hereinafter provided.

"To an amount not exceeding six hundred dollars, to the following described property while located and contained as described herein and not elsewhere, to-wit: $25, on his one-story frame shingle roof barn; $25, on his carriage and harness contained therein; $550, on his stock of harness, saddles, collars, fly-nets, whips, leather in stock, harness hardware, consisting of buckles and iron furnishings for harness, and all merchandise usually kept for sale in a general harness store. All while contained in a one-story frame, shingle roof building, situated on lot one (1), block 44, New York, now city of York, Nebraska."

In an action instituted for defendant in error in the county court of York county it was alleged that on March 1, 1894, the insured property, except the barn and car-

riage and harness, was destroyed by fire, and of the payment to which the company by its contract was obligated there had been a refusal and failure on its part. In the answer filed for the company it was pleaded, among other defenses, that of the conditions and restrictions of the policy it was provided: "This entire policy, unless otherwise provided by an agreement indorsed hereon or added hereto, shall be void if the assured now has, or shall hereafter have, make, or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy; or if the property now is, or shall become during the term of this policy, incumbered by mortgage or otherwise;" and that the defendant in error had violated each of the foregoing by the procurement of additional insurance on the property, and had incumbered the same by the execution and delivery to designated parties of chattel mortgages thereon. In the reply it was asserted that of the additional insurance the agents of the company had notice prior to the time of the destruction of the property. In regard to the chattel mortgages it was admitted that they were executed and delivered, but it was pleaded that they were of only a part of the property, of which there was sufficient remaining unincumbered to amount in value to more than the sum expressed in the contract of insurance. From a judgment in the county court there was an appeal to the district court, wherein the pleadings were the same as had been filed in the county court. A jury was waived and a trial resulted in a judgment against the company.

In error proceedings for the company it is urged that the policy was avoided by the additional insurance on the property which was obtained by defendant in error. This is met for the defendant in error by the fact which appeared in evidence that the agents of the company at York had notice of the additional insurance. Of this branch of the argument it must be said that the condition of the policy relative to other insurance, the manner

of issuance of policies which was by the local agents after countersigned by them, and the knowledge which the agents received of the other insurance, all were of such nature as in combination to bring the matter here involved directly within the rule announced in the opinion in *Eagle Fire Co. v. Globe Loan & Trust Co.*, 44 Neb. 380, wherein it was stated of a like contention: "Knowledge on the part of the agent of an insurance company authorized to issue its policies, of facts which render the contract voidable at the insurer's option, is knowledge of the company." And also to render inapplicable the doctrine of *German Ins. Co. v. Heiduk*, 30 Neb. 288, cited on this subject for the company.

It is also contended for the company that by reason of the incumbrance or chattel mortgages placed on the personal property by defendant in error the company was released from liability. We have copied herein the portion of the policy descriptive of the property insured, and it will be noticed by its perusal that although the amount to which the contract extended was stated in the aggregate $600, there were further statements by which the sum was made applicable separately to barn $25, $25 on carriage and harness, and $550 "on his stock of harness, saddles, collars, fly-nets, whips, leather in stock, harness hardware, consisting of buckles and iron furnishings for harness, and all merchandise usually kept for sale in a general harness store." This constituted the contract severable in relation to the three stated kinds of property, and not as a whole entire and indivisible, and a mortgage on the barn would not have precluded a recovery for a loss by fire of either of the other kinds of property described; or a mortgage on any one of the designated divisions would have afforded no defense in an action to recover for a loss by fire of either of the others. (*State Ins. Co. v. Schreck*, 27 Neb. 527; *German Ins. Co. v. Fairbank*, 32 Neb. 750; *Phenix Ins. Co. v. Grimes*, 33 Neb. 340.) But it must be added that relative to each specifically designated property or list of stated arti-

cles to which a certain sum was set apart to be paid, for its loss, the contract was entire and indivisible, and the policy must be subjected to a construction which makes it applicable in its several conditions to its severability in respect to property. To do so makes the statement in regard to incumbrance of force as to each of the divisions of articles insured. But it is urged in this connection that the words of the policy are "if the property now is, or shall become  *  *  *  incumbered by mortgage or otherwise," that this means all the property, and an incumbrance of any part would or did not affect the insurance; that if it was desired to make the prohibition against an incumbrance apply to other than all the property it should be framed to read as do a great many,—the property or any part thereof. This has support in Phœnix Ins. Co. v. Lorenz, 29 N. E. Rep. [Ind.] 604. With this we cannot and do not agree. It is probably true that insurance contracts are strictly construed against the insurer, but this does not require that a meaning should be given them not in consonance with good reason and fairness in the due enforcement of the contract between the parties thereto. As we have before stated, after it is determined that the contract is divisible in relation to the property insured, the other portions of the policy each must be held applicable to any separable part. The reason for the restriction in the policy in respect to incumbrance is that the risk which the company has assumed may not be increased. In theory, at least, anything which decreases the interest of the insured in the property correspondingly increases the risk. A mortgage or other incumbrance does this, and an incumbrance by mortgage of any or all the articles designated in gross in any of the divisions of the property included in the policy here in question was directly within the spirit and intent, and fairly and reasonably within the unstrained, clear import of the words of the contract, violative thereof, and furnished forceful mat-

ter of defense herein for the company. It follows that the judgment was erroneous and must be reversed.

REVERSED AND REMANDED.