HOGUE, Respondent, vs. THE FARMERS' MUTUAL FIRE INSURANCE COMPANY OF SPARTA, Appellant.

*February 3—February 24, 1903.*

*Fire insurance: Forfeiture: Incumbrance of property: Land contract: Surrender by vendee: Statute of frauds,*

1. Sec. 2302, Stats. 1898, provides that an interest in land cannot be surrendered otherwise than by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing. *Held*, that a surrender of a land contract by the vendee to the vendor, and acceptance thereof, coupled with an intention by both parties to extinguish the vendee's equity, satisfies the statute.

2. A vendee under a land contract was insured against fire by a policy providing that all the rights of the insured under it should be forfeited if the insured incumbered the property involved, subsequent to the application for the policy, without notice thereof to the insurance company. Thereafter the fee was conveyed by the vendor, and a new contract made between the vendee and the new owner of the fee, which called for the payment of the unpaid purchase money, back taxes, and unpaid interest. Subsequently, by agreement between the vendee, the new owner of the fee, and plaintiff, the second land con-

tract was surrendered, and a new land contract was made
whereby the land was contracted to be conveyed and the in-
surance policy assigned to the plaintiff. The court found that
this was done to secure a debt owing from vendee to the
plaintiff. *Held*, that the transactions amounted to an incum-
brance of the property, and rendered the policy void.

APPEAL from a judgment of the circuit court for Monroe
county: J. J. FRUIT, Circuit Judge. *Reversed.*

The questions at issue included this: Was the provision of
the insurance contract, rendering it void if the assured, at any
time after the date of the application, incumbered the prop-
erty in addition to the incumbrances thereon mentioned in
such application, satisfied, so as to make such provision oper-
ative? The nature of the title of the assured and the facts
as to such question, by the undisputed evidence, were as
follows: James Hall took out the policy of insurance. He
died prior to the commencement of this action. His title was
that of vendee under a land contract. The vendor was John
Vanness. The amount unpaid on the contract was $800.
The vendee's interest in the property was further incumbered
by a mortgage of $200 when he applied for the policy. He
stated in his application that the property was incumbered
to the amount of $1,000. The policy was for $250 and was
for the term of five years from and after March 2, 1895. It
contained a provision to the effect that it would become void
if the assured should incumber the property in addition to the
incumbrances mentioned in the application, at any time after
the date thereof, without notice to the company. Vanness
conveyed the legal title to the property to Phillip McConnell.
On or prior to May 24, 1899, a new contract was made be-
tween McConnell and Hall, which they intended should su-
persede the one between Hall and Vanness. Under such new
contract Hall became the vendee of McConnell, the amount to
be paid for the property being $1,300, which sum, so far as
appears from the evidence, was intended to cover all out-

standing incumbrances upon Hall's interest in the land, the $800 unpaid on the old contract, the $200 mortgage indebtedness to plaintiff, and some back taxes and past-due interest. (There was some dispute as to whether it did not include other indebtedness.) Hall was an old man. Subsequent to the making of the new contract he went to live at the home of plaintiff and his wife, and, after incurring some indebtedness to them, for the purpose of securing the payment thereof, and also securing them for services in caring for him thereafter, he turned over to them his interest in the property in question, and the insurance, in this wise: The parties, together with McConnell, having met for the purposes of the transaction, it was agreed that the contract between McConnell and Hall should be surrendered and that McConnell should make a new contract to plaintiff and his wife. That agreement was carried out. The consideration mentioned in the new contract was $1,343. There was nothing in the written evidence of the transaction showing that it was otherwise than an absolute transfer of Hall's interest in the land to plaintiff and his wife. The new contract was delivered to plaintiff, and the old one to McConnell, and the insurance policy, with an assignment thereof, was delivered to McConnell. There was a dispute as to whether Hall's interest was transferred as security or absolutely. The court found on that as follows:

"Hall, for the purpose of securing said plaintiff for a debt he then owed this plaintiff, and in contemplation of further indebtedness, did cause to be assigned to this plaintiff his interest in the land upon which said dwelling house was situated, to hold until said Hall should pay or cause to be paid his said indebtedness to the said *Hogue,* the plaintiff."

In the transaction mentioned Hall did not sign any papers, but the purpose of the transaction, understood by all parties thereto, was to substitute a contract between McConnell and plaintiff and his wife for the one between McConnell and Hall. The insurance company was not notified of the trans-

action before the loss occurred. The property was destroyed by fire September 14, 1899. All the provisions of the policy as to proceedings subsequent to the loss, on the part of the assured, were complied with. Defendant denied all liability under the policy. The court decided that plaintiff was entitled to recover the full amount of the insurance. Judgment was rendered accordingly.

For the appellant there was a brief by *Masters & Graves,* and oral argument by *C. M. Masters.*

*C. L. Hood,* for the respondent.

MARSHALL, J.  We have here an action on an insurance contract which unequivocally provided that all rights of the assured under it should be forfeited if the insured incumbered the property involved subsequent to the application for the policy without notice thereof to the insurance company; the undisputed fact, and distinct finding of the court accordingly, that the property was so incumbered; no evidence of any fact nor any finding showing a waiver of the consequent forfeiture; and yet a judgment that the policy contract was binding upon the insurer in face of its insistence upon the benefit of the stipulated forfeiture. The mere statement of the situation, it would seem, is all that need be said for an opinion upon which to base a decision reversing the judgment.

We are unable to understand from the record, or very ·learly from the argument of the learned counsel for respondent, by what course of reasoning the learned court reached the conclusion complained of. It is suggested that it may be justified upon the theory that Hall's contract with Vanness was never manually surrendered, nor by any writing, and that since he did not join in the contract with plaintiff by signing the same, or by some writing, he did not incumber his interest in the property by the transaction with plaintiff within the meaning of the policy. The further suggestion is

made that the mere giving of a bond for a deed, by the owner of land, agreeing to convey the same upon payment of the purchase money, is not an incumbering of property within the meaning of the policy. We will give such attention to both of such propositions as they seem to merit.

True, the right of a vendee of land under a land contract is an interest in land (*Richardson v. Johnsen,* 41 Wis. 100), and true, also, such interest in land cannot be surrendered otherwise than by "act or operation of law or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same or by his lawful agent thereunto authorized by writing." Sec. 2302, Stats. 1898. But that is satisfied by a surrender of the contract to the vendor and the acceptance thereof, coupled with an intention by both parties to the transaction to extinguish the vendee's equity under the contract (*Hutchins v. Da Costa,* 88 Wis. 371–375, 60 N. W. 427), or by the doing of any other act or acts by the vendee inconsistent with the continuance of his interest in the land under his contract, accepted by the holder of the legal title with that view, coupled with acts on the latter's part upon the faith thereof, making operative the doctrine of estoppel *in pais.* *O'Donnell v. Brand,* 85 Wis. 101, 55 N. W. 154; *Hutchins v. Da Costa, supra; Goldsmith v. Darling,* 92 Wis. 363, 66 N. W. 397; *Lovejoy v. McCarty,* 94 Wis. 341, 68 N. W. 1003; *Slaughter v. Bernards,* 97 Wis. 184, 72 N. W. 977. Under that rule there can be no doubt that Hall's dealing with McConnell, after the latter became possessed of the legal title to the land, whereby he accepted from the latter a new contract for the one with Vanness, such new contract including the purchase money to be paid, the amount unpaid upon the old contract, the transaction being recognized by both parties thereafter as evidencing their relative rights in the land, operated as a surrender by Ball to McConnell of his interest under the Vanness contract, by operation of law. The same rule ap-

plies to the transaction in which the contract was made between McConnell and plaintiff and his wife. The surrender by Hall of his contract with McConnell to the latter, his acceptance thereof and reliance thereon in making the new contract with plaintiff and his wife at Hall's request for the purpose of placing the latter's interest under the control of the new vendees as security, by operation of law extinguished the old contract and the vendee's interest it stood for, so far as necessary, to effectuate the intention of the parties to the transaction.

The idea advanced that the giving of a bond for a deed by the owner of land to another is not an incumbering of land within the meaning of the clause of an insurance contract such as the one we have under consideration in this case, does not appear to be material, even if good law. Here the assured did not merely give a bond to convey his interest to plaintiff. He in fact, as the court found, joined in a transaction for the purpose of conveying, and which effectually conveyed, all his right, title and interest in the property covered by the insurance policy to the plaintiff and his wife as security. It hardly admits of serious discussion that such transaction incumbered the property in addition to the incumbrances thereon specified in the application for the insurance. As we read the finding of the trial court, it is to that effect, and clearly should have been followed by a conclusion of law that the defendant was entitled to judgment dismissing the complaint with costs.

*By the Court.*—The judgment of the circuit court is reversed and the cause remanded with directions to dismiss the complaint with costs.