## Niagara Fire Insurance Company v. Mullins.

(Decided February 22, 1927.)

### Appeal from Rockcastle Circuit Court.

1. Evidence—Mortgage was Presumed to Have Been Recorded on Day of its Delivery.—Mortgage was presumed to have been received on day of its delivery.

2. Insurance—Terms of Policy Providing for Indemnity are Binding Unless Illegal or Against Public Policy.—Insurer cannot be compelled to provide indemnity on any terms other than those it makes, provided terms are not illegal or against public policy, since an insurance contract is like any other contract between parties authorized to enter into contracts.

3. Insurance—Insured is Bound by Terms of Policy Within Law when he Accepts Policy Even Though he is Not Familiar with Them.—Even though insured is not familiar with contents of policy which he accepts, he is bound by its terms within law when he accepts it.

4. Insurance—Insured's Failure to Comply with Terms of Policy in Substantial Respect Relieves Insurer from Payment of Loss, Unless Waived.—Insured owes duty of substantial complicance with terms of policy, and, if he fails to so comply with terms, he relieves insurer from payment of loss sustained, unless his failure is waived or condoned.

5. Insurance—Provision for Forfeiture, in Case Insured Property is Mortgaged, Held Not Against Public Policy or Illegal.—Provision in fire insurance policy, rendering it void if insured mortgaged property after issuance of policy, held not unreasonable, illegal, or against public policy.

6. Insurance—Where Insured Contracts Not to Mortgage Property, he Cannot do so Without Consent of Insurer Without Forfeiting Policy.—Where owner of insured property has contracted not to mortgage property, he cannot do so without consent of insurer without forfeiting his policy.

7. Insurance—Insurer did Not Have to Plead that it Had no Notice of Mortgages Placed on Insured Property After Issuance of Policy.—Where insured had contracted not to mortgage property, in-

surer did not have to plead that it had no notice of execution, delivery, and recording of mortgages placed on insured property after issuance of policy.

8. Insurance—Where Insured Mortgaged Insured Property, There was no Presumption that Insurer Knew of Mortgage.—Where insured had contracted not to mortgage insured property and had thereafter mortgaged same, there was no presumption that insurer knew of execution, delivery and recording of mortgage.

9. Insurance—Provision, Rendering Policy Void if Insured Mortgaged Property, Could Not be Construed as Meaning that Policy Should be Voidable Only.—Provision in fire insurance policy, rendering it void if insured incumbered or mortgaged property after issuance of policy, could not be construed as meaning that policy should not be void, but voidable only.

10. Contracts—Courts Cannot Construe Contract Contrary to Express Terms Where it is Plain, Unambiguous and Fair, and Not Vitiated by Fraud or Mistake in Execution.—When contract is plain, unambiguous and fair, and not vitiated by fraud or mistake in its execution, courts cannot make for parties a different contract or construe it contrary to express terms, especially when consequence may be to enable one of parties to profit by wrongful violation of it.

11. Insurance—Insured, Breaching Condition by Mortgaging Insured Property, is Not Relieved from Forfeiture by Statute that Only Material or Fraudulent Misrepresentations Shall Preclude Recovery (Ky. Stats., Section 639).—Ky. Stats., section 639, providing that misrepresentations unless material or fraudulent do not prevent recovery on policy, relates only to facts existing when policy contract is made and does not relieve insured from forfeiture for breach of promissory warranty not to mortgage insured property.

12. Insurance—Statute Provision that Only Material or Fraudulent Misrepresentation Shall Preclude Recovery has no Application to Insured's Breach of Promissory Warranties (Ky. Stats., Section 639).—Ky. Stats., section 639, providing that statements in policy application shall be deemed representations and shall not preclude recovery unless material or fraudulent, does not apply to insured's breach of promissory warranties.

BURKE G. SLAYMAKER, LAWRENCE B. MOORE, SLAYMAKER, TURNER, MERRELL, ADAMS & LOCKE, F. M. DRAKE and C. C. WILLIAMS for appellant.

B. J. BETHURUM and S. D. LEWIS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On the 16th day of March, 1922, the appellant, Niagara Fire Insurance Company, issued a policy of insurance covering the farm house of appellee, J. F. Mul-

lins, and certain household and kitchen furniture therein contained. The amount of the insurance on the house was $1,200.00, and on the household goods $300.00. The policy was to remain in force for a period of five years. The house was destroyed by fire on the 30th day of September, 1923. Appellee filed his petition seeking to recover $1,200.00 for the loss of the house and $150.00 for household goods destroyed by the fire. Appellant filed a demurrer to the petition, which was overruled, and it then filed an answer, which was lost, and a substituted answer was thereafter filed. The answer denied that proof of loss had been furnished in accordance with the terms of the policy; pleaded a forfeiture of the policy by reason of the execution of two mortgages on the property by appellee after the policy had been issued; that appellee had knowingly and falsely overvalued the house and land on which it was located at the time the policy was issued; that appellee, in his proofs of loss, had fraudulently and falsely stated the value of the household goods destroyed to be $150.00; that appellee had not furnished the required proofs of loss. The appellee demurred to that paragraph of the answer which pleaded a forfeiture and nullification of the policy by reason of the execution of two mortgages on the property by appellee after the policy was issued, which was the second paragraph of the answer; also filed a demurrer to that paragraph of the answer pleading that appellee had knowingly and falsely in his application for insurance overvalued the house and land, which was the third paragraph of the answer; also filed a demurrer to the paragraph of the answer pleading that appellee had falsely and fraudulently stated in his proofs of loss that the value of the household goods destroyed was $150.00, which was the fourth paragraph of the answer; also filed a demurrer to that paragraph of the answer pleading that appellee had not furnished the required proofs of loss, which was the fifth paragraph of the answer. The lower court sustained the demurrers to the second and fourth paragraphs of the answer and overruled the demurrers as to the third and fifth paragraphs of the answer. Appellee filed a reply to the third and fifth paragraphs of the answer in which he denied the allegations in the third paragraph, and also denied the allegations in the fifth paragraph and pleaded affirmatively that his failure to furnish proofs of loss was caused by appellant's waiving the proofs of loss and

by representing that the claim would be paid without any proofs of loss. Appellant filed a demurrer to this paragraph of the reply. The court sustained the demurrer to the second paragraph of the reply, whereupon appellee filed an amended reply, pleading that appellant waived proofs by denying liability on the policy. This plea was controverted of record.

The case went to trial on the questions (1) whether the furnishing of the proofs of loss had been waived and (2) whether the appellee, in his application, had falsely and fraudulently overvalued his house and land. The case was submitted to the jury on these issues under instructions which are not criticized and the jury returned a verdict in favor of appellee for $1,350.00.

Appellant is urging four grounds for the reversal of the judgment. 1. That the policy was avoided by appellee by placing mortgages upon the property insured after the policy was issued, and that the court erred in sustaining demurrer to that paragraph of the answer in which this defense was pleaded. 2. That appellee forfeited his right of recovery by failing to make proofs of loss within the time provided for the furnishing of such proofs by the policy. 3. That appellee, in his written and signed application for the policy, made untrue statements in answering questions asked him which were material to the risk in that he overstated the value of the house covered by the insurance and the land on which the house was situated. 4. That appellee forfeited his right of recovery by making a sworn statement of his loss to induce appellant to pay him the sum of $150.00 for household goods, which statement was false.

We may eliminate the second and third grounds mentioned above as they were in issue at the trial and the jury found against the contention of appellant.

The main question involved on this appeal is the first ground relied on by appellant for a reversal. There is a provision in the policy that it shall be null and void "if the property or any part thereof shall hereafter become mortgaged or encumbered." This is one of the provisions enumerated in the policy, among many others, which renders it null and void if violated. It is exceedingly probable that appellee did not know that this provision was in his policy, but, be that as it may, it is a part of the contract which he entered into and if it is not prohibited by any statute of this state, and if it is not against

public policy, and if it was not waived by appellant, it will have to be upheld as it is written. Since the court sustained a demurrer to that paragraph of the answer the question of whether the provision was waived by appellant is not before us.

One mortgage was executed, delivered and recorded on August 2, 1922, and the other mortgage was executed and delivered on December 22, 1922, and the presumption is that it was recorded on the day of its delivery. There is no question of fact involved on this point. The policy contains the provision above set out, and it is admitted by the demurrer that the property covered by the policy was mortgaged after the policy was issued.

The provision in the policy was what may be called an executory stipulation or a promissory warranty. If it does not contravene public policy and if it is not illegal because violative of some statutory provision there is no good reason why it should not be upheld. It does not appear that this court has been confronted with this question prior to this time. It must be recognized that an insurance contract is like any other contract between parties authorized to enter into contracts. The insurance company is engaged in the business of indemnifying the owners of property against loss by fire. The owner of the property pays the required amount for the indemnity and the insurance company undertakes to make good the loss provided against. An insurance company may determine for itself on what terms it will undertake to indemnify a property owner against loss, and it cannot be compelled to provide the indemnity on any terms other than those it makes itself, provided, always, that the terms of the policy are not illegal or against public policy. It is unfortunate that the terms of fire insurance policies are so numerous that the insured is not familiar with the contents of the policy which he accepts, but he is bound by its terms within the law when he accepts the policy.

26 C. J. 243, contains this statement of the law governing cases such as this:

"In the absence of any specific provision in a policy a subsequent encumberance on the insured property will not affect the insurance. But the fact that the execution of a mortgage has been held not to constitute a change in title, ownership, or interest as well as insurer's desire to prevent a lessening of in-

sured's interest in protecting the insured property, has led to the insertion in many policies of a specific provision against encumbrances. Such conditions are valid and enforceable, notwithstanding a statute provided that the mere creation of a lien on the property will not avoid the policy.''

This general rule governing such conditions in policies appears to be uniform throughout the different jurisdictions. Security Insurance Co. v. Laird, 182 Ala. 121, 62 S. 182; Dover Glass Works Company v. American Fire Insurance Co., 15 Del. 32, 29 A. 1039, 65 A. S. R. 264; Georgia Home Insurance Co. v. Hoskins, 71 Fla. 282, 71 S. 285; Hartford Fire Insurance Co. v. Liddell Co., 130 Ga. 8, 60 S. E. 104, 124 A. S. R. 157, 14 L. R. A. (N. S.) 168; Alston v. Phoenix Insurance Co., 100 Ga. 287, 27 S. E. 981; Milwaukee Mechanics Ins. Co. v. Niewedde, 12 Ind. App. 145, 39 N. E. 757; Howdeck v. Merchants' Insurance Co., 102 Iowa 303, 71 N. W. 354; Brown v. Westchester Fire Insurance Co., 9 Kan. A. 526, 58 P. 276; Home Fire Insurance Co. v. Burnstein, 59 Neb. 260, 75 N. W. 839; Weddington v. Piedmont Fire Insurance Co., 141 N. C. 234, 54 S. E. 271, 8 Ann. Cas. 497; North British Insurance Co. v. Wright, 154 P. 654; St. Paul Fire and Marine Insurance Co. v. Peck, 37 Okl. 85, 130 P. 804; Nassauer v. Susquehanna Mutual Fire Ins. Co., 109 Pa. 507; Brown v. Comlth. Mutual Insurance Co., 41 Pa. 187; Sulphur Mines Co. v. Phoenix Ins. Co., 26 S. E. 856, 94 Va. 355; Riley v. Aetna Insurance Co., 80 W. Va. 236, 92 S. E. 417, L. R. A. 917E 983; Hogue v. Farmers' Mutual Fire Ins. Co., 116 Wis. 656, 93 N. W. 849; Fuller v. Madison Mutual Ins. Co., 36 Wis. 599.

When the insured accepts an insurance policy he accepts the conditions imposed upon him by the terms of the policy, if such terms are not illegal, and he owes the duty of a substantial compliance with the terms contained in the policy, and if he fails to comply with the terms in a substantial respect, unless his failure is waived or condoned, he relieves the insurance company from the payment of the loss which he sustains. In some instances this is a hard rule. Unless an insurance company, however, may contract against the negligence and recklessness of the insured, necessarily the rates of insurance would increase to the disadvantage and discomfort of the public. The careful man is penalized by his negligent

neighbor, and if the risk of loss can be reduced by the terms of the contract it is a reasonable requirement. The provision in the policy which renders it void if the insured encumbers or mortgages his property after the issual of the policy, is a reasonable provision and one for the benefit of the general public. The less interest that the owner of property has in the property the less care he is apt to take for the protection and preservation of the property. A mortgage placed on property lessens the interest of the owner and thereby tends to make him more careless in the protection of the property. After the owner has contracted not to mortgage the property he can not do so without the consent of the insurance company without forfeiting his policy. The provision is not unreasonable, illegal or against public policy, therefore it must be upheld.

It is argued by counsel for appellee that the second paragraph of appellant's answer was not good because it failed to allege that the company did not have notice of the execution, delivery and recording of the mortgages. We do not think it was incumbent on the company to plead that it did not have notice. If the company had notice that is a plea for the plaintiff in such cases, if a good plea at all. Neither is there a presumption that the company knew of the execution, delivery and recording of these mortgages. The presumption probably would be that the mortgages had not been executed, delivered and recorded, where there was no notice of the fact, as the appellee is held to know that his policy provided against the placing of any encumbrance on his property after the issual of the policy. It is also argued by the appellee that, notwithstanding the provision in the policy, that it should be void if the property should become mortgaged or encumbered after its issual, the provision should not be construed as meaning that the policy should be void but voidable only. He cites and relies upon the case of Stevenson v. Phoenix Insurance Company, 83 Ky. 7. The policy considered in that case contained a provision that it should be void if the insured should take out other insurance on the property after the issual of the policy. It appears that the insured took additional insurance on the property immediately after the policy in question was issued to him. The insured, however, in his pleadings admitted that he took out the

additional insurance without the consent of the insurance company, but alleged that the insurance company had notice that the additional insurance had been so taken out and waived its right and was estopped to claim a forfeiture of the policy. Upon the issue as to waiver made by the pleadings a verdict was rendered in favor of the plaintiff, but upon an appeal to this court the judgment of the lower court was reversed because there was no evidence offered which was proper to go to the jury on the question as to the waiver of the forfeit. No such issue is made in the instant case, and we must adhere to the well settled doctrine announced in that case when the court said:

> "When a contract is plain, unambiguous and fair, not vitiated by fraud nor mistake in its execution, the courts are not authorized to make for the parties to it a different one, or to construe it contrary to its express terms, especially when the consequence may be to enable one of the parties to profit by his wrongful violation of it."

The case of Louisville Underwriters v. Pence, 93 Ky. 96, is also relied upon by appellee. There was a defense in that case that the policy was not in force at the time of the accident because the first premium note was then overdue more than fifteen days and its payment had been demanded. In that case the company had notice that the note had not been paid, because it was in the possession of the note at the time and was demanding its payment. It is true that the case of Stevenson v. Phoenix Insurance Company, *supra*, is cited and the court refers to that case as holding that if the insured should thereafter take out other insurance upon the property insured, his policy should be void, only meant that a breach of the condition made it voidable at the election of the insurer. However, that case shows that it was decided on the issue as to whether there had been notice of the additional insurance, and the court seems to hold that if the insurance company had notice of such additional insurance, and did not take steps to cancel the policy, it was a waiver of the provision rendering the policy void.

The case of Springfield Fire & Marine Insurance Company v. Snowden, 173 Ky. 664, is rather an unusual case and the opinion seems to fit the case. The policy involved in that case contained a provision that the policy

should be void if the insured then had any other contract of insurance on the property. He did have other insurance and when he instituted suit on the policy the insurance company based its defense on that provision of the policy. This court held that the insured was not bound by the written provisions of the policy because the policy had never been delivered to him but had been retained in the custody of the agent of the insurance company. This case was decided apparently on the idea that the contract of insurance was verbal. The court in that case, however, said:

"If the policy had been delivered to and accepted by him, with knowledge of the stipulation in it, or if he had had the policy, under such circumstances, as he ought to have known of its contents and failed to repudiate it, then a very different case would be presented."

It is next insisted by appellee that section 639, Ky. Stats., applies to promissory warranties or executory stipulations. That section provides that:

"All statements or descriptions in any application for a policy of insurance shall be deemed and held representations and not warranties; nor shall any misrepresentations, unless material or fraudulent, prevent a recovery on the policy."

This provision of the statute by its very terms is confined to statements or descriptions in the application for a policy, and we do not agree with appellee that it has any relation to promises of the insured to be performed by him in the future after his policy has become effective. The section relates only to facts existing when the policy contract is made. It may be that this section applies to existing facts set out in the policy at the time it is issued because these facts obtained from the insured constitute a part of his application, and it appears that this court has held that the representations and warranties referred to in this section apply to present facts existing at the time of the issual of the policy, but it would be extending the meaning of the section beyond any reasonable limits to say that it applied to anything not in existence at the time the policy is issued.

In construing section 639 of the statutes in the case of Hartford Fire Insurance Company v. McClain, 85 S. W. 699, 27 Ky. L. R. 461, the court said:

> "Counsel for appellant urges that the stipulation invoked in this case is not found in an application for the insurance, but in the contract itself, and that the statute speaks only of applications for insurance. In the cases from this court, cited above, some of them in applying this identical statute, as is here done, have treated it as applying to the terms of the policy as well as to the application which preceded it. And such seems to be the logic of the matter. The stipulations as to interest and title, though in the policy, not signed by the assured, amount to representations by him of facts, if not assurances on his part, and are of the subject-matter and within the very mischief sought to be remedied by the statute quoted."

The court had in mind in construing the statute as shown by the above quotation that the insured might well claim that he was not in any way responsible for statements in the policy, even though material or fraudulent, because he had not made the statements, but the court seems to have held that the statements in the policy at the time it is issued amount to representations of facts by the insured.

Appellee in this case cannot be relieved from a forfeiture of his policy on account of his placing mortgages against the property on the ground that section 639 protects him. If it should be held that section 639 applies in this case we are not prepared to say that encumbering the property by additional mortgages was not material to the risk.

Another question to be determined is whether the court erred in sustaining the general demurrer to the fourth paragraph of appellant's answer. The policy contains a provision that in case of loss, any fraud, or attempt at fraud, by false swearing or otherwise on the part of the insured, shall cause forfeiture of all claims against the company under the policy. It is insisted by counsel for appellee that this question has been eliminated because testimony was introduced and heard without objection showing that the statements contained in appellee's proofs of loss were not false and that the jury

found that the statements in his proofs of loss as to the value of the personal property lost in the fire to be true. There is much force in this argument and we would not reverse the case alone on the ruling of the court in sustaining the demurrer to the fourth paragraph of the answer, but as the case must be reversed because the court sustained the demurrer to the second paragraph of the answer, it is our opinion that he should overrule the demurrer to the fourth paragraph of the answer as well as to the second.

The judgment of the lower court is reversed for proceedings consistent with this opinion.

Whole court sitting.