## HUNT *v.* SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 65. Argued December 1, 2, 1904.—Decided December 19, 1904.

A policy of insurance provided that it should be void if the interest of the insured was other than the unconditional and sole ownership or if the property were encumbered by a chattel mortgage. It was in fact subject to certain trust deeds which the insured claimed after loss were different instruments in law. *Held,* that:

A deed of trust and a chattel mortgage with power of sale are practically one and the same instrument as understood in the District of Columbia.

The rule that in case of attempted forfeiture if the policy be fairly susceptible of two constructions the one will be adopted which is more favorable to the insured was inapplicable to this case.

The contract of an insurance company is a personal one with the assured and it is not bound to accept any other person to whom the latter may transfer the property.

THIS was an action to recover on a policy of insurance upon household furniture and ornaments.

Defense: That it was provided that the policy should be

void if the interest of the insured was other than the uncon-
ditional and sole ownership of the property insured, or if the
"said property should be or become encumbered by a chattel
mortgage," when in fact it was subject, at the time the policy
was written, to three trust deeds to secure the payment of
various sums of money. Plaintiff demurred to the pleas setting
up this defense. The court overruled the demurrer, entered
judgment for the defendant, which was affirmed by the Court
of Appeals. 20 D. C. App. 48.

*Mr. D. W. Baker* and *Mr. John C. Gittings* for plaintiff in
error:

If the policy is so drawn as to require interpretation and
to be fairly susceptible of two different constructions, the one
will be adopted which is most favorable to the insured. *Thomp-
son* v. *Insurance Company*, 136 U. S. 296; *Knickerbocker Life
Ins. Co.* v. *Norton*, 96 U. S. 246; *Kansas City Bank* v. *Fire
Insurance Co.*, 95 U. S. 673; *Continental Ins. Co.* v. *Vanlue*,
126 Indiana, 410; *McMaster* v. *New York Life Ins. Co.*, 183
U. S. 26, 40.

As to difference between a mortgage and a deed of trust,
see *Charles* v. *Clagett*, 3 Maryland, 82; *Bank of Commerce* v.
*Lannahan*, 45 Maryland, 396, 407; *Stanhope* v. *Dodge*, 52
Maryland, 490; *Harrison* v. *Annapolis & Elkridge R. R. Co.*,
50 Maryland, 490.

*Mr. Andrew B. Duvall* for defendant in error.

MR. JUSTICE BROWN, after making the foregoing statement,
delivered the opinion of the court.

The sole question presented by the record in this case is
whether the provision in the policy for the unconditional
ownership of the property by the plaintiff, and for the non-
existence of any chattel mortgage thereon, was broken by
certain trust deeds to secure the payment of money in each
case.

Plaintiff relies upon the familiar principle of law that the

conditions of a policy of insurance, prepared as they are by the company, and virtually thrust upon the insured, frequently without his knowledge, must be construed strictly, and while the legal effect of a chattel mortgage and of a deed of trust to secure the payment of money may be practically the same, they are in law different instruments; and that a condition against one is not broken by the existence of the other. We recognize the rule laid down by this court in *Thompson* v. *Phenix Insurance Company*, 136 U. S. 287, that in case of attempted forfeiture, if the policy be fairly susceptible of two constructions, the one will be adopted which is more favorable to the insured. This rule was reiterated in *McMaster* v. *New York Insurance Company*, 183 U. S. 25, but we cannot recognize it as applicable to this case.

A deed of trust and chattel mortgage with power of sale are practically one and the same instrument, as understood in this District. In the language of Mr. Justice Morris, in speaking of mortgages of real estate in *Middleton* v. *Parke*, 3 D. C. App. 149:

"The deed of trust is the only form of mortgage that has been in general use in the District of Columbia for many years. The common law mortgage is practically unknown with us; and every one understands that, when a mortgage of real estate here is spoken of, the deed of trust is what is intended. . . . The deed of trust is here used as the equivalent of a mortgage; and so the term is universally used by the community. Indeed, while a mortgage is not necessarily perhaps a deed of trust, a deed of trust to secure the loan of money is necessarily a mortgage."

It was said by this court in *Shillaber* v. *Robinson*, 97 U. S. 68, 78, that "if there is a power of sale, whether in the creditor or in some third person to whom the conveyance is made for that purpose, it is still in effect a mortgage, though in form a deed of trust, and may be foreclosed by sale in pursuance of the terms in which the power is conferred, or by suit in chancery."

The legal effect of the two instruments has been recognized as practically the same in several cases in this and other courts. *Platt* v. *Union Pacific R. R. Co.*, 99 U. S. 48, 57; *Palmer* v. *Gurnsey*, 7 Wend. 248; *Eaton* v. *Whiting*, 3 Pick. 484; *Wheeler & Wilson Mfg. Co.* v. *Howard*, 28 Fed. Rep. 741; *Bartlett* v. *Teah*, 1 McCrary, 176; *Southern Pacific R. R. Co.* v. *Doyle*, 11 Fed. Rep. 253; *McLane* v. *Paschal*, 47 Texas, 365.

There may be cases under particular statutes recognizing a difference between them in reference to the application of the recording laws, as appears to be the case in Maryland, *Charles* v. *Clagett*, 3 Maryland, 82, but in their essential features and in their methods of enforcement they are practically identical. Both are transfers conditioned upon the payment of a sum of money; both are enforceable in the same manner, and the difference between them is one of name rather than substance. The provision in the policy is one for the protection of the insurer, who is entitled, if he insists upon it in his questions, to be apprised of any fact which qualifies or limits the interest of the insured in the property, and would naturally tend to diminish the precautions he might take against its destruction by fire.

In passing upon the identity of the two instruments in this case we may properly refer to the further provision of the policy that the interest of the insured must be an unconditional and sole ownership. While the breach of this condition is not specifically urged in the briefs, we may treat it as explanatory of the other condition against the existence of chattel mortgage. The company evidently intended by this provision to protect itself against conditional transfers of every kind. The contract of the company is a personal one with the insured and it is not bound to accept any other person to whom the latter may transfer the property.

The conditions of the policy in this case were broken by the trust deeds, and the judgment of the court below is, therefore,

*Affirmed.*