[No. 1394. December 8, 1911.]

W. W. SHOUCAIR, Appellant, v. NORTH BRITISH AND MERCANTILE INSURANCE COMPANY OF LONDON, ENGLAND, Appellee.

## SYLLABUS.

1. Parole evidence cannot be heard as to occurrences prior to the issuance of an insurance policy.

2. There was no waiver by insurance company of provision in insurance policy requiring property assured to be unincumbered, by company failing to ascertain by interrogation of the assured or by examination of the record whether there was any incumbrance on property assured.

3. Failure to disclose chattel mortgage upon insured property at time policy was issued broke conditions of the policy and the policy became void.

Appeal from the District Court for Curry County, before WILLIAM H. POPE, Chief Justice. Affirmed.

M. C. SPICER for Appellant.

If the insurance company, before the time expires for furnishing proofs of loss, denies the liability of the company, it is a waiver of the necessity to furnish them. Robinson v. Palatine Insurance Co., 11 N. M. 162; Royal Insurance Co. v. Martin, 192 U. S. 385; Tayloe v. Merchants' F. Ins. Co., 9 How. 390; 19 Cyc. p. 859; Phœnix Ins. Co. v. Luce, 123 Fed. 723; Phœnix Ins. Co. v. Kerr, 129 Fed. 723 (C. C. A.); Bank v. Home Ins. Co., 111 Pac. 507, Cal.; McCollough v. Home Ins. Co., 102 Pac. 814, Cal.; Dooly v. Hanover Fire Ins. Co., 47 Pac. 507, Wash.; Phœnix Ins. Co. v. Gibbons, 64 S. W. 909; Morgan v. Illinois Ins. Co., 90 N. W. 40, Mich.; Siegle v. Phœnix Ins. Co., 81 S. W. 637, Mo.; North British & Mercantile Ins. Co. v. Edmundson, 52 S. E. 50, Va.; Cooper v. Ins. Co., 71 N. W. 606, Wis.

An insurance company will not be permitted to take advantage of a condition contained in a policy to avoid payment of a loss, when the facts rendering the policy void by its terms were known to the insurer, directly or through its agent, at the time it issued the policy and accepted the premium. Mecca Fire Ins. Co. v. Smith, 135 S. W. 688, Tex.; Old Colony Ins. Co. v. Star-Mayfield Co., 135 S. 252, Tex.; 19 Cyc. 807, 1587; in re Millers' & Mfg. Ins. Co., 106 N. W. 485, Minn.; Northern Assur. Co. v. Grand View Bldg. Asso., 101 Fed. 77; Fireman's Fund Ins. Co. v. Northwood, 69 Fed. 71; Masterman v. Home Ins. Co., 32 Pac. 458, Wash.; German Am. Ins. Co. v. Humphrey, 35 S. W. 428, Ark.; Orient Ins. Co. v. McKnight, 64 N. E. 339, Ill.; Niagara Falls Ins. Co. v. Johnson, 45 Pac. 789, Kas.; Murphy v. Royal Ins. Co, So. 143, La.; Kowitzki v. Thuringia Ins. Co., 95 N. W.

Shoucair v. Insurance Co., 16 N. M. 563.

976, Mich.; Burnham v. Greenwich Ins. Co., 56 Mo. App. 582, 63 Mo. App. 85; Atlas Reduction Co. v. New Zealand Ins. Co., 138 Fed. 497; Grady v. Orient Ins. Co., 29 S. E. 655, S. C.; Hartford Ins. Co. v. Landfare, 88 N. W. 779, Neb.; Aetna Ins. Co. v. Frierson, 114 Fed. 56; McGurk v. Metropolitan Life Ins. Co., 16 Atl. 263, Conn.; R. I. Underwriters' Asso. v. Monarch, 32 S. W. 958, Ky.; Home Ins. Co. v. Stone R. National Bank, 12 S. W. 915, Tenn.; Young v. Hartford Ins. Co., 24 Am. Rep. 784, Ia.; Home Ins. Co. v. Gibson, 17 So. 13, Miss.; Farnum v. Phoenix Ins. Co., 23 Pac. 869, Cal.; American Ins Co. v. Yeagley, 71 N. E. 897, Ind.; Grabbs v. Farmers' Mut. Ins. Co., 34 N. E. 503, N. C.; Wisotzkey v. Niagara F. Ins. Co., 82 N. E. 1134, N. Y.; McElroy v. British America Ins Co., 94 Fed. 990; Thompson v. Traders' Ins. Co., 68 S. W. 889, Mo.; Coles v. Jefferson Ins. Co., 23 S. E. 732, W. Va.; Medley v. German Alliance Ins. Co., 47 S. E. 101, W. Va.; Loring v. Dutchess Ins. Co., 81 Pac. 1025, Cal.; Johnson v. Aetna Ins. Co., 51 S. E. 339, Ga.; Dist. of Doon v. Fidelity Ins. Co., 84 N. W. 956, Ia.; Bigelow v. Granite State F. Ins. Co., 46 Atl. 808, Me.; Spalding v. N. H. F. Ins. Co., 52 Atl. 858, N. H.; Vesey v. Commercial Union Assur. Co., 101 N. W. 1074, S. D.; American Cent. Ins. Co. v. Dolon, 66 Pac. 249, Colo.; Hartford Fire Ins. Co. v. Keating, 38 Atl. 29, Md.; Trustees v. Northwestern National Ins. Co., 73 N. W. 767, Wis.; Osborne v. Phoenix Ins. Co., 64 Pac. 1103, Utah; Caldwell v. Philadelphia F. Asso., 35 Atl. 612, Pa.; German American Ins. Co. v. Hyman, 94 Pac. 27, Colo.; Salzman v. Ins. Asso., 120 N. W. 697, Ia.; Staats v. Pioneer Ins. Co., 104 Pac. 185, Wash.; Continental Ins. Co. v. Rosenberg, 74 Atl. 1073, Del.; Hiburn v. Phoenix Ins. Co., 124 S. W. 63, Mo.; British & Foreign M. Ins. Co. v. Cummings, 76 Atl. 571, Md.; Athens Mut. Ins. Co. v. Ledford & Son, 68 S. E. 91, Ga.; Irwin v. Westchester F. Ins. Co., 118 N. Y. S. 1115; Allen v. Phoenix Ins. Co., 95 Pac. 829, Idaho; Trow v. Preferred Acc. Ins. Co., 67 Atl. 821, Vt.; Knickerbocker v. L. Ins. Co., 96 U. S. 24; Robinson v. Palatine Ins. Co., 11 N. M. 162; Raulet v. Northwestern Nat. Ins. Co., 107 Pac. 292,

Cal.; Wright v. Fire Asso., 31 Pac. 91, Mont.; German American Ins. Co. v. Niewedde, 39 N. E. 534, Ind. App.; Glenn Falls Ins. Co. v. Michael, 74 N. E. 964, Ind. App.; Union Assur. Soc. v. Nalls, 44 S. E. 896, Va.; Washington Mills Emery Mfg. Co. v. Weymouth & Braintree Mut. Fire Ins. Co., 135 Mass. 503; Phœnix Ins. Co. v. Wartemberg, 79 Fed. 245; Southern Co. v. Hastings, 41 S. W. 1093, Ark.; Ormsby v. Laclede Farmers' Mut. F. Ins. Co., 79 S. W. 733, 72 S. W. 139, Mo.; Delaware Ins. Co. v. Harris, 64 S. W. 867, Tex.; Continental Ins. Co. v. Whitaker, 79 S. W. 119, Tenn.; Clark v. Manufacturers' Ins. Co., 8 How. 1061; Phœnix Ins. Co. v. Raddin, 120 U. S. 644; Eames & Cooley v. Home Ins. Co., 94 U. S. 298; Manchester Ins. Co. v. Abrams, 89 Fed. 932; Hall v. Niagara Ins. Co., 18 L. R. A. 135; Allesina v. Liverpool & L. & G. Ins. Co., 78 Pac. 392; Koshland v. Hartford Ins. Co., 49 Pac. 866; Arthur v. Palatine Ins. Co., 57 Pac. 62; Sproul v. Western Assur. Co., 54 Pac. 180; German American Ins. Co. v. Kline, 62 N. H. 857; Farmers' and Merchants' Ins. Co. v. Micke, 72 Neb. 122; Sanford v. Royal Ins. Co., 40 Pac. 608, Wash.; Wood on Insurance, 2 ed. 517; May on Insurance, 3 ed. 207; Alkan v. Insurance Co., 10 N. W. 91, Wis.; Dooley v. Hanover Ins. Co., 47 Pac. 501, Wash.; Neher v. Western Ass. Co., 82 Pac. 160, Wash.; Lancaster Ins. Co. v. Monroe, 39 S. W. 434; Fireman's Fund Ins. Co. v. Meschendorf, 14 Ky. Law Rep. 757; Continental Ins. Co. v. Ford, 131 S. W. 189; Cooley's Briefs on Ins. 1396; Phil. Tool Co. v. Ins. Co., 19 Atl. 77, Pa.; Cadwell v. Fire Ins. Co., 35 Atl. 612, Pa.; Short v. Home Ins. Co., 43 Am. Rep. 138, N. Y.; Georgia Home Ins. Co. v. Holmes, 23 So. 183, Miss.; German Ins. Co. v. Davis, 51 Pac. 60, Kas.; Peet v. Fire & Marine Ins. Co., 47 N. W. 532, S. D., Jersey Rubber Co v. Commercial Union Ins. Co., 46 Atl. 777, N. J.; Pelzer Mfg. Co. v. Sun Fire Office, 15 S. E. 562, S. C.; Morrison v. Tenn. M. & F. Ins. Co., 59 Am. Dec. 299, Mo.; Quarrier v. Peabody, 27 Am. Rep. 582, W. Va.; VanKirk v. Citizens Ins. Co., 48 N. W. 798, Wis.; in re Miller Mfg. Co., 106 N. W. 485, Minn.

E. W. DOBSON for Appellee.

An insurance policy shall be void if the interests of the insured be other than unconditional. Northern Assurance Co. v. Grand View Building Association, 183 U. S. 308; Martha L. Hunt v. Springfield Fire and Marine Insurance Co., 196 U. S. 179; Thompson v. Phoenix Ins. Co., 136 U. S. 287; McMaster v. New York L. Ins. Co., 183 U. S. 25; Middleton v. Parke, 3 App. D. C. 149.

Distinction between waiver or estoppel before and after execution of insurance policy. Carpenter v. Providence Washington Ins. Co., 16 Pet. 495; Batchelder v. Queen Ins. Co., 135 Mass. 499; Pendar v. American Mut. Ins. Co., 12 Cush. 469; 3 Words and Phrases 2494; Reid's Adm. v. Benge, 57 L. R. A. 253; Turner v. Edwards, U. S., 24 Fed. Cas. 350; Chiteau v. Goddin, 39 Mo. 229; Newman v. Hook, 37 Mo. 207; Stone v. Bank of Commerce, 174 U. S. 412; Ross v. Banta, 39 N. E. 732; Nash v. Baker, 58 N. W. 706; 8 Words and Phrases 7375; Bennecke v. Insurance Co., 105 U. S. 355; Bouvier's Law Dictionary, Waiver; First National Bank v. Maxwell, 55 Pac. 980; Wedd v. London & Lancashire Ins. Co., 116 N. Y. 106; A. & E. Enc. 525; Corey v. Bolton, 63 N. Y. Sup. 915; Bucklen v. Johnson, 49 N. E. 612; Freedman v. Fire Ass. of Phila., 32 Atl. 39; Imperial etc. Co. v. Coos, 151 U. S. 452; Carpenter v. Providence etc. Ins. Co., 16 Pet. 495; Finkbohner v. Glens Falls Co., 92 Pac. 318; Brickell v. Atlas Ass. Co., 101 Pac. 16; in re Miller's Manufacturers Insurance Co., 106 N. W. 485; Berry v. London Insurance Co., 167 Fed. 902; Wierengo v. American Fire Insurance Co., 57 N. W. 834; Wyandotte Brewing Co. v. Hartford Fire Ins. Co., 108 N. W. 394; Wilcox v. Continental Insurance Co., 55 N. W. 188.

Effect of policy where interest of insured is other than sole and unconditional owner. Lynch v. Danzell, 4 Bro. Pearl. Rep. 432; 2 Marsh. Ins. b. 4 ch. 4, 803; Columbia Ins. Co. v. Babcock, 2 Ark. 554; Columbia Ins. Co. v. Lawrence, 2 Pet. 25; Fries, Breslin Co. v. Star Fire Ins. Co., 150 Fed. 611.

It was not incumbent upon insurer to inquire as to

the title of the insured. In re Millers' etc. Co., 106 N. W. 485; Syndicate Ins. Co. v. Bohn, 65 Fed. 165; Insurance Co. v. Lawrence, 2 Pet. 25, 49, 7 L. ed. 335; Waller v. Assurance Co., 10 Fed. 232; Collins v. Insurance Co., 44 Minn. 440; Lasher v. Insurance Co., 86 N. Y. 423; Weed v. Insurance Co., 116 N. Y. 106; Diffenbaugh v. Insurance Co., 150 Pa. 274; Fuller v. Insurance Co., 61 Iowa 350; Waller v. Assurance Co., 64 Iowa 101; Merc. v. Insurance Co., 68 Mo. 127; Wierengo v. American Fire Ins. Co., 57 N. W. 833, Mich.; McFetridge v. Insurance Co., Wis., 54 N. W. 326; Henning v. Assurance Co., Iowa, 42 N. W. 308; Insurance Co. v. Boulden, Ala. 11 South 771; Insurance Co. v. Smith, 92 Ala. 428; Dumas v. N. W. Nat. Ins. Co., 12 App. D. C. 245; Herber v. Palatine Ins. Co., 55 Ill. App. 275; Grisby v. German Ins. Co., 40 Mo. 276; Sulphur Mines Co. v. Phœnix Ins. Co., 26 S. E. 856; Crickelair v. Citizens Ins. Co., 48 N. E. 167; Milwaukee Mechanics Co. v. Niewedde, 29 N. E. 756; Aetna Ins. Co. v. Holcomb, 34 S. W. 915; Ins. Co. of North America v. Wicke, 54 S. W. 300; Wilcox v. Continental Ins. Co., 55 N. W. 188.

Principal may limit the authority of its agent. Modern Woodmen v. Tevis et al, 117 Fed. 369; Northern Assurance Co. v. Grandview Building Assoc., 183 U. S. 308; Royal Arcanum v. Taylor, 121 Fed. 66; Carrollton Mfg. Co. v. American Credit & Indemnity Co., 124 Fed. 25; Missouri Pac. Ry. Co. v. Western Assurance Co.. 129 Fed. 610; Imperial Ins. Co. v. Coors County, 151 U. S. 452; Kentucky, Vermillion Mining & Concentrating Co. v. Norwich Fire Ins. Co. Cas., 146 Fed. Rep. 695; Pennsylvania Casualty Co. v. Bacon, 133 Fed. 907; Connecticut. Fire Ins. Co. v. Buchanan, 141 Fed. 877; Hampton Stone Co. v. Gardiner, 154 Fed. 805; Insurance Co. v. Wolff, 95 U. S. 326; Ins. Co. v. Building Asso., 183 U. S. 308; Society v. McElroy, 83 Fed. 631; Rice v. Fidelity & Deposit Co., 103 Fed. 427; Ins. Co. v. Thomas, 82 Fed. 406; Williams v. Neely, 134 Fed. 1; Luckett Wake Tobacco Co. v. Glove & Rutgers Fire Ins. Co., 171 Fed. 147; New York Life Ins. Co. v. Slocum, 177 Fed. 842.

## STATEMENT OF THE CASE.

This action was brought to recover the sum of five hundred dollars, under policy issued by appellee, upon certain personal property in the policy described, alleging that the said personal property was destroyed by fire on the 27th day of July, 1909. The defendant and appellee filed answer admitting the making of the contract of insurance, but denied that proof of loss was furnished by the insured within sixty days after the fire as provided by the terms of the policy. The defendant and appellee by way of further defense alleged: "That at the time of the making of this contract of insurance, plaintiff's Exhibit "A," the interest of the assured in the property described therein was not truly stated in the policy on account of concealment and misrepresentations by the assured to the agent of defendant; that the interest of the insured was not unconditional and sole ownership and that such fact was not endorsed on the contract of insurance and was concealed by the assured from this defendant; that the subject of insurance was personal property and became and was encumbered by a chattel mortgage at the time of the issuance of said policy." The appellant first filed reply in general terms denying the new matter set up in defendant's answer, and afterwards filed an amended reply in which he admitted that no proofs of loss were furnished as provided by the terms of said policy, but alleged "that his reason for not doing so was due to the fact that the defendant sent its adjuster to Clovis, New Mexico, a short time after the fire, and that said adjuster, after investigating the facts concerning the fire, he refused to pay the loss and informed this plaintiff that his company would deny liability under the policy." To the paragraph of defendant's answer alleging that the interest of the insured was not unconditional and sole ownership, and that the subject of insurance was personal property and was incumbered by chattel mortgage, the appellant replied as follows: "Plaintiff, replying to paragraph 9 of defendant's answer, denies that he concealed or misrepresented any facts concerning the property or his interest therein to the defendant's agent, but admits that there was a

chattel mortgage on said property duly recorded in the office of the Probate Clerk and Ex-Officio Recorder of Roosevelt County, New Mexico, at the time the contract of insurance was made; but plaintiff alleges that the application for insurance was made by him and that the agent of the defendant asked him several questions concerning the risk, all of which were truthfully answered; that said agent never asked him any questions as to the ownership of the property or whether it was incumbered by a chattel mortgage or otherwise nor did this plaintiff know that it was necessary for him to disclose any facts concerning the ownership or incumbrance at the time of the oral application or before the fire occurred or he would have so disclosed them according to his best knowledge and understanding. That at the time of making the contract of insurance the chattel mortgage on said property was of record as aforesaid and that the agent of the defendant could have ascertained that fact had he desired. That upon the delivery of the policy by the agent of the defendant this plaintiff paid the premium on said policy and the defendant has ever since retained the same; that by reason of the facts herein alleged the defendant waived the condition in the policy rendering it void if personal property be incumbered by a chattel mortgage at the time of the making of the contract of insurance." Defendant and appellee filed a motion in the lower courts asking for judgment upon the pleadings, the grounds of said motion being as follows: "Because it affirmatively appears from the pleadings that at the time of the issuance of the policy of insurance by the defendant company, upon the property therein described, the same was encumbered and the plaintiff was not the sole and unconditional owner thereof, and because the subject of insurance was personal property and was encumbered by a chattel mortgage at the time of the issuance of said policy, and the defendant had no knowledge of such encumbrance, and the plaintiff did not disclose such fact to the defendant or its agent at the time of the issuance of said insurance."

Shoucair v. Insurance Co., 16 N. M. 563.

## OPINION OF THE COURT.

M'FIE, J.—The judgment sought to be reversed in this case was rendered on the pleadings in the court below. While the issues were substantially made up, the motion to find for the defendant company upon the admissions in the reply of the plaintiff, reduces the case in this court to the single issue raised by the motion and upon which the judgment was rendered. It may be observed at the outset, that there is a long line of decisions of the state courts apparently at variance with the law which we feel compelled to hold in this jurisdiction, but we find that the decisions of the state courts are quite frequently based upon state laws enacted to change the rule of law laid down by the federal courts in insurance cases. Counsel for appellant in his able brief has called the court's attention to a large number of cases decided in the state courts in support of his contention, but, while conceding the strength of his argument in cases governed by statute in a state court, this jurisdiction is still within a territory wherein the decisions of the federal courts have a peculiarly binding force in the absence of statutory law. By the pleadings we are informed that the suit is brought by the plaintiff to recover damages for the destruction of personal property by fire upon an insurance policy issued by the company to him. The issuance of the policy is admitted, but the liability of the company for loss under its terms, is denied. The policy sued on contains, among many others, the following clause: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated; or, in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss." Also the following: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * * if the interest of the insured be other than unconditional and sole ownership * * * or if the subject of insurance be personal property and be

or become encumbered by a chattel mortgage." Paragraph nine of the answer bases the non-liability of the company upon these provisions of the policy, either of which, as the policy provides, renders the policy void unless complied with. The plaintiff, in his reply to paragraph nine, admits that at the time the policy was issued the insured property was encumbered by a chattel mortgage and then proceeds to allege a number of things by way of the avoidance of the effect of the existence of the mortgage and its nondisclosure to the company or its agent, all of which allegations would necessarily be established by parole evidence of transactions occurring, if at all, prior to the issuance of the policy. The motion interposed by the defendant for judgment on the pleadings raises but one issue and that is the admission that at the time the policy was issued upon this personal property, there was a valid chattel mortgage upon it and that the same was recorded. This, then, is a case where insurance was obtained upon personal property having an existing chattel mortgage upon it at the time the insurance was obtained, with no attempt of the insured to inform the company or its agent of that fact. This was in plain violation of at least two provisions of the policy, each of which rendered the policy void according to its terms. The provisions of this policy are similar to those of insurance policies generally, and the Federal courts have not only sustained their validity, but have repeatedly held that parole evidence cannot be heard as to occurrences prior to the issuance of the policy. In the case of Imperial Fire Insurance Company v. Coos County, 151 U. S. 452, 462, the court said: "Contracts of insurance are contracts of indemnity upon the terms and conditions specified in the policy or policies embodying the agreement of the parties. For a comparatively small consideration the insurer undertakes to guaranty the insured against loss or damage upon the terms and conditions agreed upon, and upon no other; and when called upon to pay, in case of loss, the insurer, therefore, may justly insist upon the fulfilment of these terms. If the insured cannot bring himself within the conditions of the policy,

he is not entitled to recover for the loss. The terms of the policy constitute the measure of the insurer's liability, and, in order to recover, the assured must show himself within those terms; and if it appears that the contract has been terminated by the violation on the part of the assured of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery, if the assured has violated or failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms, conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consists simply in enforcing and carrying out the one actually made." Atlas Reduction Co. v. New Zealand Ins. Co., 138 Fed. 497; Jeffries v. Life Insurance Co., 22 Wall. 47; Aetna Life Insurance Co. v. France, 91 U. S. 510; Phœnix Life Insurance Co. v. Raddin, 120 U. S. 183. "Stipulations such as are contained in this policy have frequently been subjected to consideration in the courts, and their validity is not open to question." Atlas Reduction Works v. New Zealand Ins. Co., 137 Fed. 497; Carpenter v. Providence Washington Ins. Co., 16 Pet. 495; Northern Assurance Co. v. Grand View Bldg. Asso., 183 U. S. 308; Imperial Fire Ins. Co. v. Coos, 151 U. S. 452; Hunt v. Springfield Fire & Marine Ins. Co., 196 U. S. 47. In the case of Northern Assurance Co. v. Grand View Building Association, the court gives the following cogent reasons for sustaining the validity of these provisions of insurance policies and rejecting parole evidence concerning them: "It should not escape observation that preserving written contracts from change or alteration by verbal testimony of what took place prior to and at the time the parties put their agreements into that form is for the benefit of both parties. In the present case, if

the witnesses on whom the plaintiff relied to prove notice to the agent had died, or had forgotten the circumstances, he would thus, if he had depended to prove his contract by evidence extrinsic to the written instrument, have found himself unable to do so. So, on the other side, if the agent had died, or his memory had failed, the defendant company might have been at the mercy of unscrupulous and interested witnesses. It is not an answer to say that such difficulties attend other transactions and negotiations, for it is the knowledge of the inconveniences that attend oral evidence that has led to the custom of putting important agreements in writing, and to the legal doctrine that protects them when so expressed, and when no fraud or mutual mistake exists, from being changed or modified by the testimony of witnesses as to conversations and negotiations that may never have taken place, or the real nature and meaning of which may have faded from recollection.    Besides the importance of such considerations to the parties immediately concerned in business transactions, the community at large have a deep interest in the welfare and prosperity of such beneficial institutions as fire insurance companies. It would be very unfortunate if prudent men should be deterred from investing capital in such companies by having reason to fear that conditions which have been found reasonable and necessary to put into policies to protect the companies from faithless agents and from dishonest insurers are liable to be nullified by verdicts based on verbal testimony." The case of Hunt v. Springfield Fire and Marine Ins. Co., is substantially identical with the present case, except that instead of being a chattel mortgage there were two trust deeds upon the property. The court thus states the issue in that case: "The sole question presented by the record in this case is whether the provision in the policy for the unconditional ownership of the property by the plaintiff, and for the non-existence of any chattel mortgage thereon, was broken by certain trust deeds to secure the payment of money in each case." The court, after holding that the effect of the instruments was the same, concluded by holding that "the conditions of the

policy in that case were broken by the trust deeds," and affirmed the judgment of the court below.

Counsel for the plaintiff contends that it was the duty of the company to ascertain whether or not there were incumbrances on the property, either by interrogation of the assured, or by examination of the record, and, failing to do this, there was a waiver for which the giving of a chattel mortgage would not bar a recovery by the plaintiff. In view of the law as laid down in the cases above referred to, this contention is not well founded. The policy contains another provision which it seems to us disposes of this contention, as there is no claim of intentional waiver, nor is any such waiver or agreement indorsed on the policy. "This policy is made and accepted subject to the stipulations and conditions printed herewith together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto and no officer, agent, or other representative of this company shall have the power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto." In the case of Penman v. St. Paul Insurance Co., 216 U. S. 311, there was a clause in the policy substantially identical with the above provision. In passing upon its purpose and effort the court used the following decisive language: "We think also that the policy furnishes the only way by which its terms can be waived. It provides against modifications by the usage or custom of trade or manufacture. It guards against any acts of waiver of its conditions or a change of them by agents. It provides that such waiver or change 'shall be written upon or attached' to the policy. The company could have used no words which would have been more explicit. There is no ambiguity about them. Parole testimony was not needed nor admissible to interpret them. They constituted the

contract between the company and the insured. No agent had power to change or modify that contract except in the manner provided. This was decided in Northern Assurance Co. v. Building Association, supra. Any other ruling would take from contracts the certain evidence of their written words and turn them over for meaning to the disputes of parole testimony."

The plaintiff's admission in his pleading that there was an undisclosed chattel mortgage upon the insured property at the time the policy sued on was issued, as was said in the case of Hunt v. Springfield Fire & Marine Ins. Co., the conditions of the policy were broken by the chattel mortgage. The effect of the breach, as declared by the policy, was that it became void, and if void, no recovery could be had upon it in any event. In this view of the case, the court below was clearly within the law in granting defendant's motion and entering judgment for the defendant upon the pleadings; therefore the judgment of the court below will be affirmed with costs. It is so ordered.