## ST. PAUL FIRE & MARINE INS. CO. v. PECK.

No. 2267.   Opinion Filed February 18, 1913.

(130 Pac. 805.)

1.   INSURANCE—Avoidance of Policy—Incumbrance and Levies. The conditions in a policy of insurance which prohibit incumbrance and levies without the consent of the insurer, declaring the policy void in case of breach of such conditions, is not only legal and conformable to public policy, but reasonable and proper.

2.   SAME—Waiver of Right to Avoid—Power of Agent. The conditions in a policy which provide that no local or soliciting agents of the company have power to change, modify, or waive any of the provisions in the policy, are valid as to all policies issued prior to statehood; and in an action on a policy, where it appears that

after the issuance and acceptance of the policy, in violation of the express provisions of the policy, the property insured had been incumbered by two separate chattel mortgages, without the knowledge, consent, or implied waiver on the part of the insurer, such policy is void, and the insured cannot recover.

3. **COURTS—County Court—Jurisdiction—Statutory and Constitutional Provisions.** Section 2, art. 1, c. 27, Sess. Laws 1907-08, which gives exclusive, original jurisdiction to the county court in all matters where the amount involved exceeds $200 and does not exceed $500, exclusive of interest, is not in conflict with section 12, art. 7, of the Constitution (section 147, Williams' Ann. Const. Okla.), and is valid under section 57, art. 5, of the Constitution (section 197, Williams' Ann. Const. Okla.).

4. **SAME—Amount in Controversy.** Interest forms no part of the amount in controversy, so far as affecting jurisdiction, when the statute defining the court's jurisdiction excludes it eo nomine from computation.

5. **SAME—A** claim for an attorney's fee not provided for in the contract sued upon and not recoverable under the statutes cannot be added to the amount in controversy, so as to give the district court jurisdiction.

(Syllabus by Harrison, C.)

*Error from the District Court, Kingfisher County; A. H. Huston, Judge.*

Action by S. E. Peck against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed, with instructions to dismiss action.

*Houston & Brooks* and *F. L. Boynton,* for plaintiff in error. *D. K. Cunningham* and *L. R. Weiss,* for defendant in error

Opinion by HARRISON, C. This suit was filed March 1909, by S. E. Peck against the St. Paul Fire & Marine Insurance Company to recover on a $500 policy, wherein defendant insured a certain stallion against loss by lightning. The cause was tried April 10th, and judgment rendered in favor of the plaintiff for $543. From this judgment and order overruling motion for a new trial, defendant appeals.

Several questions of error are assigned, the most material of which is that after the policy was issued, and without the knowledge or consent of the company and against the express

provisions of the policy, the property was incumbered by two separate chattel mortgages, one for $350 and a later one for $412. The plaintiff alleged the death of the horse by lightning alleged a compliance with all the provisions of the policy and conditions precedent to an action, asked judgment for $500, the face of the policy, and interest from the date of loss, and for an attorney's fee of $150. Defendant answered upon three grounds: First. That the amount in controversy being in excess of $200 and not exceeding $500, exclusive of interest, the district court had no jurisdiction; that under chapter 27, Sess. Laws 1907-08, exclusive original jurisdiction of the cause was in the county court. The second defense was a general denial. And for the third defense defendant denied any liability under the policy, for the reason that after the policy had been issued, and without the knowledge or consent of the company and against the express provisions of the policy, plaintiff had incumbered the insured property by two separate chattel mortgages, the first for $350, the second for $412; that the policy was therefore void, and defendant not liable thereunder.

The policy contained the following provisions:

"This entire policy shall be void at the election of the company, if, without the consent of the secretary or general agent of the company indorsed hereon, other insurance is now or shall hereafter be taken out on any of the property above described; or if the property or any part thereof be or become incumbered by lien, mortgage or otherwise, * * * or if any change take place in the title or possession of said property (except by succession by reason of death of the insured) * * *"
—and the further provision that no local or soliciting agent is authorized to waive any of such provisions. Defendant set out these provisions in the answer, and also attached as part of the answer a copy of each of the chattel mortgages against the property, and alleged that both of said mortgages against the property were in force and constituted valid and subsisting liens against said property at the time of the loss, and alleged, further, that defendant had waived none of the provisions of said policy, and had no notice of the incumbrance until after

suit was filed. Plaintiff demurred to the third defense, on the ground that it failed to state facts constituting a defense to the action. The demurrer was sustained, the plea to the jurisdiction overruled, and the cause tried upon the issues raised by the petition and general denial. Defendant excepted to the action of the court as to both rulings, and presents same as errors here.

As to whether the court erred in sustaining the demurrer to the third defense depends upon the validity of the provision in the policy prohibiting the incumbrance of the property without the consent of the company and the stipulation that none of the provisions of the policy shall be waived, except by order of the secretary and general manager indorsed on the policy. As to the validity of the incumbrance clause, especially in policies containing the stipulation that the policy shall become ·void if the property be incumbered without the consent of the company, and the further stipulation that none of the provisions of the policy shall be waived unless by consent of the company indorsed, etc., and that no local or soliciting agent shall have power to waive such provisions, there is very little conflict in the decisions. In fact, the courts, both state and federal, are practically in harmony on this question. In the case of *Atlas Reduction Company v. New Zealand Ins. Co.,* 138 Fed. 497, 71 C. C. A. 21, 9 L. R. A. (N. S.) 433, wherein the validity of such provisions is involved, it is said:

"Stipulations, such as are contained in this policy, have frequently been subjected to consideration in ·the courts, and their validity is not open to question. *Carpenter v. Providence Washington Ins. Co.,* 16 Pet. 495, 512, 10 L. Ed. 1044, 1057; *Imperial F. Ins. Co. v. Coos County,* 151 U. S. 452, 463, 14 Sup. Ct. 379, 38 L. Ed. 231, 236; *Northern Assur. Co. v. Grand View Bldg. Assn.* 183 U. S. 308, 361, 364, 22 Sup. Ct. 133, 46 L. Ed. 213, 234, 236; *Hunt v. Springfield F. & M. Ins. Co.,* 196 U. S. 47, 25 Sup. Ct. 179, 49 L. Ed. 381; *Forbes v. Agawam Mut. F. Ins. Co.,* 9 Cush. [Mass.] 470; *Worcester Bank v. Hartford F. Ins. Co.,* 11 Cush. [Mass.] 265, 59 Am. Dec. 145; *Walsh v. Hartford F. Ins. Co.,* 73 N. Y. 5; *Smith v. Niagara F. Ins. Co.,* 60 ·Vt. 682, 691, 15 Atl. 353, 1 L. R. A. 216, 6 Am. St. Rep. 144; *Cleaver v. Traders' Ins. Co.,* 71 Mich. 414, 39

N. W. 571, 15 Am. St. Rep. 275; *Meyers v. Germania Ins. Co.,* 27 La. Ann. 63; *Girard F. & M. Ins. Co. v. Hebard,* 95 Pa. 45; *Hutchinson v. Western Ins. Co.,* 21 Mo., 97, 64 Am. Dec. 218."

Also in *Dover Glass Works v. American Fire Insurance Company,* 1 Marv. (Del.) 32, 29 Atl. 1039, 65 Am. St. Rep. 264, a leading case on the question of validity of such provisions, the Supreme Court of Delaware said:

"It is competent for the insurer to prescribe the terms and conditions upon which it will take the proposed risk, provided they are not illegal nor contrary to public policy. The acceptance of these conditions consequently imposes upon the insured the duty of a substantial compliance therewith, and any neglect thereof in any material respect, unless waived or condoned, will relieve the insurer from liability in case of loss, whether it can be traced to such neglect or not. One reason for this is that he has, by agreeing to the terms upon which the insurance was made, shut the door against any inquiry as to the cause of the loss. Another and a more general reason is that, when a right and a duty springing from a contract are united in one of the parties thereto, he must show a performance of the one before he can assent to the other. Are the conditions referred to illegal or contrary to public policy? They are neither. They are not forbidden by any legal precept, either written or unwritten. Certainly, clauses or conditions inserted in a contract, which induce caution as to conduct of either party in respect to the subject-matter thereof, cannot be held as being repugnant to any of the rules and maxims relating to the broad subject of public policy, because anything that stimulates diligence and good faith between contracting parties is highly promotive of the general, as well as the individual, good. The tendency of such limitations upon the liabilities of insurance companies is to diminish the needless destruction of property, and obviate the necessity of increasing the rates of insurance to a point where they are intolerable, in order to cover the disbursements made to unworthy and dishonest persons. The increased cost of insurance, it must be admitted, is due in part to the increased risk occasioned by the fraud or neglect of a certain class of people owning insured property. The good have to suffer for the conduct of the bad. The honest and careful portion of every community have to pay for the carelessness and *mala fides* of their imprudent and evil-minded

neighbors. Those who insure, as the plaintiff in this case did, for protection against unavoidable loss and accident, can well afford to submit to the requirements of the most rigid conditions for the sake of curtailing losses which are the result either of gross neglect or the torch of the incendiary. The condition prohibiting incumbrances and levies without the consent of the defendant, declaring the policy to be void in case of a breach thereof, is not only legal and conformable to public policy, but reasonable and proper."

This rule is now followed by the great weight of authorities. It is obvious, also, that an adherence to such doctrine must ultimately redound to the benefit of the insured; and the sooner it becomes universal the sooner a menace to property will have been stamped out, and an unjust burden on those who became insured in good faith will have been removed. It must also be observed that, this policy having been issued prior to statehood, the clause, "that no local or soliciting agent of this company shall have power to change, modify or waive any of the provisions in the policy," is valid. See *Phoenix Ins. Co. v. Ceaphus,* 29 Okla. 608, 119 Pac. 583, *Sullivan v. Mer. Town Mut. Ins. Co.,* 20 Okla. 460, 94 Pac. 676, 129 Am. St. Rep. 761, *State Mut. Ins. Co. v. Craig,* 27 Okla. 90, 111 Pac. 325; *Home Ins. Co. of N. Y. v. Ballard,* 32 Okla. 723, 124 Pac. 316, following the rule in *Northern Assur'. Co. v. Grand View Bldg. Assoc.,* 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213. It is very clear that under the foregoing authorities the allegations contained in defendant's third defense constituted a valid defense to the action—a defense which, if true, would defeat recovery.

The jurisdictional question arising from the question of the validity of section 2, art. 1, c. 27, Sess. Laws 1907-08, was settled by this court in the case of *Poos v. Shawnee Fire Ins. Co., post,* 130 Pac. 153. In that case it was held that the statute giving exclusive original jurisdiction to the county court in all matters wherein the amount involved exceeds $200 and does not exceed $500, exclusive of interest, is valid.

In the case at bar, however, there are two other questions involved, which were not decided in the Poos case, viz., whether the accrued interest and attorney's fees should be included in determining whether the district court had jurisdiction. We think not. The statute in question specifically bestows exclusive, original jurisdiction on the county court in matters not exceeding $500, exclusive of interest. It is evident from the language of the statute that accrued interest was intended to be excluded from consideration in determining the amount involved. The rule is well settled that interest is not to be considered in determining the jurisdictional amount, where, by that name, it is expressly excluded by statute.

"Interest forms no part of the amount in controversy, so far as affecting jurisdiction when a statute defining a court's jurisdiction excludes it *eo nomine* from computation." (1 Pl. & Pr. 720, and authorities cited in notes.)

As to whether the claim for the $150 attorney's fee should be included, and thereby give the district court jurisdiction, depends upon whether the attorney's fee was provided for in the policy, and therefore recoverable under the law, or whether it was merely a fictitious claim, not recoverable under the statute.

"It is a well-settled rule, and, of course, in harmony both with reason and justice, that one cannot knowingly allege a fictitious amount for the sole purpose of bringing his case within the jurisdiction of the court, as such would manifestly be a fraud upon that jurisdiction." (1 Pl. & Pr. 710, and authorities cited in support of the text.)

In the case at bar the policy sued on makes no provision for attorney's fees; nor does the statute provide for the recovery of an attorney's fee in such case. It follows, therefore, that the claim for an attorney's fee, being one which could not be recovered under the statute, did not augment the amount involved, so as to give the district court jurisdiction.

Therefore the judgment of the court below should be reversed, with instructions to dismiss the action without prejudice.

By the Court: It is so ordered.