## Aetna Insurance Co. v. Commercial Credit Co.

(Decided Jan. 26, 1934.)

540

FRANK M. DRAKE and WHEELER & WHEELER for appellant.
A. J. KIRK & SON for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

J. E. Mitchell bought of Max Biederman, on July 31, 1928, a Dodge car. He paid part of the purchase money and gave a note for the balance, $865.08, and executed a mortgage on the car to secure it. Biederman assigned the note and mortgage to the Commercial Credit Company. Mitchell made some payments on the note, leaving the amount due $648.81. The Commercial Credit Company, on February 19, 1929, brought an action against Mitchell to recover on the note, and in that action took out a general attachment, which, among other things, was executed on the Ætna Insurance Company, which was served as garnishee; it being alleged in the petition that Mitchell on the 9th day of August, 1928, took out an insurance policy with the Ætna Insurance Company, insuring the car in the sum of $1,385 for one year, and that while the contract was in full force the car on December 14, 1928, was injured in a collision and its value practically destroyed. The insurance company filed answer denying that it owed Mitchell anything, but admitted that he held its policy of insurance and there was an outstanding claim of loss thereunder, but that the liability of the defendant had not been determined. Thereupon the plaintiff filed an amended petition in which he set out more fully the terms of the contract of insurance, praying judgment against the Ætna Insurance Company thereon. Process was issued upon this petition. The insurance company's demurrer was overruled. It filed answer setting up the provisions of its policy. By agreement the affirmative allegations of the answer were traversed of record and the case was transferred to equity. Proof was taken, and on final hearing the circuit court gave judgment in favor of the plaintiff against the Ætna Insurance Company on the policy. Mitchell was a nonresident of the state; was before the court only on constructive process and

filed no pleading. The policy, among other things, contained this provision:

"Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage or other encumbrance specifically set forth and described in paragraph D of this policy, this Company shall not be liable for loss or damage to any property insured hereunder while subject to any lien, mortgage or other encumbrance. Except as to any lien, mortgage, or other encumbrance specifically set forth and described in paragraph D of. this policy, this entire policy shall be void, unless otherwise provided by agreement in writing added thereto if the interest of the Assured in the subject of this insurance be or becomes other than unconditional and sole lawful ownership."

On August 8, 1928, Mitchell signed, acknowledged, and delivered a mortgage on the car in question to the Stafford Motor Company to secure an indebtedness of $392. The mortgage was then recorded, and on September 6, 1929, the following entry was made thereon: "This mortgage having been satisfied in full, is hereby released." The mortgage was an outstanding obligation at the time the policy was issued. The company had no notice of it and insists that under the terms of the policy it was not liable.

The policy must be construed according to the plain, natural meaning of its words. By its express provision the company shall not be liable for loss or damage to any property insured thereunder while subject to any lien, mortgage or other incumbrance, except those set forth and described in paragraph D of the policy, and to make this entirely plain it is added that, except as to any lien, mortgage, or other incumbrance, specifically described in paragraph D, the entire policy shall be void, unless otherwise provided by agreement in writing, if the interest of the assured in the subject of this insurance be or becomes other than unconditional and sole lawful ownership. In some policies there are provisions that the company shall not be liable to any other mortgagee or lienholders than those named in the policy, but that is not this policy. This policy, by its express terms, shall be void if there is any lien, mortgae, or other incumbrance on the property, except those described in paragraph D. In paragraph D of the policy

the mortgage to the Stafford Motor Company was not set forth, and on the contrary it was stated that there was no lien, mortgage or other incumbrance on the property except the purchase-money notes above referred to. The fact that the mortgage to the Stafford Motor Company was afterwards released on September 6, 1929, in no wise affects the rights of the parties. The lien of this mortgage was on the property when the policy was issued. The wreck occurred in December, 1928. The release of the mortgage, after the car was wrecked, was certainly too late to add anything to the liability of the company. The policy was void when it was issued under the facts shown. Practically this precise question was before the court in Niagara Fire Insurance Co. v. Mullins, 218 Ky. 473, 291 S. W. 760, 763, where, citing many authorities and holding the company not liable, the court said:

"The less interest that the owner of property has in the property, the less care he is apt to take for the protection and preservation of the property. A mortgage placed on property lessens the interest of the owner and thereby tends to make him more careless in the protection of the property. After the owner has contracted not to mortgage the property, he cannot do so without the consent of the insurance company without forfeiting his policy. The provision is not unreasonable, illegal, or against public policy; therefore it must be upheld."

To the same effect, see Niagara Fire Ins. Co. v. Hankins, 220 Ky. 234, 294 S. W. 1070.

The appellee, as an attaching creditor, simply stood in the shoes of Mitchell. It had no greater rights than Mitchell had, and if Mitchell had sued upon this policy he could not have recovered, as above shown. The action was brought in ordinary, but was by consent transferred to equity and heard as an equity action. Under the facts the court should have entered judgment in favor of the insurance company.

Judgment reversed, and cause remanded for a judgment as above indicated.