MARGARET CUZZOLA *v.* TOKIO MARINE & FIRE INSURANCE COMPANY

(No. 8248)

Submitted January 22, 1936.   Decided March 3, 1936.

*W. S. Wilkin* and *Steptoe & Johnson* and *James M. Guiher,* for plaintiff in error.

*Pinsky & Mahan,* for defendant in error.

WOODS, JUDGE:

The Tokio Marine & Fire Insurance Company prosecutes error to an adverse judgment in an amount equal

to the coverage provided in a certain policy issued by it on plaintiff's household goods, which were subsequently totally destroyed by fire.

The policy, in standard form prescribed by Code 1931, 33-4-7, was issued on October 4, 1932, for a period of one year. The fire occurred December 27th of the same year. It also appears that plaintiff, on December 10, 1932, executed a deed of trust upon all of the insured household goods to secure a small loan, which was to be repaid in eleven monthly installments; that not more than one payment had been made at the time the fire occurred; that the loan was finally paid off on the 7th day of the following December, at which time a written release of the deed of trust was executed; and, further, that plaintiff, in her proof of loss, executed January 18, 1933, swore that "no other person or persons had any interest therein or encumbrance thereon."

Defendant interposed a demurrer to the evidence on the ground (1) that the property was covered by deed of trust at the time of the fire, contrary to the terms of the policy; and (2) that plaintiff had sworn falsely regarding the matter of encumbrances; and, also, moved to set the conditional verdict for $1800.00 aside. Some time thereafter, the trial court found the law for the plaintiff on the demurrer to the evidence, overruled the motion to set aside the verdict, and entered judgment on said verdict.

The policy provides, among other things, that:

> "Chattel Mortgage: Unless otherwise provided by agreement in writing added hereto this Company shall not be liable for loss or damage to any property insured hereunder while *encumbered by a chattel mortgage,* and during the time of such encumbrance this company shall be liable only for loss or damage to any other property insured hereunder."

Just what is included in the phrase which we have italicized? Does it embrace a deed of trust on personal property, as urged by the insurer? Or, is it limited to a

chattel mortgage within the meaning of the common law?

Common law mortgages on personal property, as distinguished from deeds of trust, are, for all practicable purposes, unknown in this State. And this Court has held that a deed of trust on chattels will constitute a breach of warranty against encumbrances by "chattel mortgage" in a fire policy, voiding it, unless waived by the insurer as provided in the policy. *Oliker* v. *Williamsburgh Fire Ins. Co.*, 72 W. Va. 436, 78 S. E. 746, Ann. Cas. 1915 D, 914. And, in *Downey* v. *Fire Ins. Co.*, 77 W. Va. 386, 87 S. E. 487, a mortgage and a deed of trust are recognized as encumbrances within the meaning of that term.

But, says the plaintiff, the distinction between a "trust deed" and a "chattel mortgage" was not raised in either of the foregoing cases upon the basis of a strict construction of Code 1931, 33-4-7, providing the form of fire insurance policies. In support thereof she cites the case of *Copen* v. *The National Ben Franklin Fire Ins. Co.*, 107 W. Va. 608, 149 S. E. 830, to the effect that a "conditional sales contract" does not come within the meaning of the term "chattel mortgage."

While, as stated in the last-cited case, "the transaction under a conditional sales contract is, in its essence, a chattel mortgage" although not so denominated, the expression "conditional sales contract" does not purport to cover all classes of chattel mortgages, as does the term "deed of trust." To hold that the "deed of trust" which has superseded the common law mortgage to be without the meaning of the term "chattel mortgage" would be to render the provision in the insurance contract meaningless. *Hunt* v. *Springfield Fire & Marine Ins. Co.*, 196 U. S. 47, 25 S. Ct. 179, 49 L. Ed. 381.

The foregoing being decisive of the case it becomes unnecessary to discuss the second ground heretofore referred to in the forefront of this opinion.

The judgment of the circuit court is accordingly set aside, reversed and annulled, the conditional verdict set aside, and judgment entered here for the defendant.

*Reversed; entered.*