JEAN G. ATKINS, ADMINISTRATRIX
OF THE ESTATE OF HENRY L. ATKINS, *Deceased*

*v.*

STONEWALL CASUALTY COMPANY, *a corporation*

(No. 12998)

Submitted May 4, 1971.          Decided May 25, 1971.

82

*Michael C. Smith,* for appellant.

*Preiser, Greene, Hunt & Wilson, Donald R. Wilson,* for appellee.

HAYMOND, JUDGE:

This is a civil action instituted in the Circuit Court of Monroe County July 15, 1969 in which the plaintiff, Jean G. Atkins, Administratrix of the Estate of Henry L. Atkins, deceased, seeks a recovery under a policy of insurance issued by the defendant, Stonewall Casualty Company, a corporation, for loss which resulted from a collision involving an automobile owned by the insured, Henry L. Atkins, when the policy of insurance was issued and when the loss occurred.

The complaint charged two causes of action. The first cause of action was based upon the policy of insurance issued by the defendant to Henry L. Atkins on December 8, 1968 by which the defendant insured the owner against loss by collision of a certain Ford truck, a copy of which policy was filed as an exhibit with the complaint, and which truck on February 25, 1969 while the policy was in effect, was damaged and destroyed by collision, and upon the refusal of the defendant to pay the plaintiff the amount of the loss under the terms of the policy of insurance. The second cause of action was that the defendant entered into a contract with the plaintiff to settle the claim for the sum of $5,475.00, the stipulated amount of the loss, and that the defendant refused to comply with the terms of the settlement and pay the amount of the loss. The answer of the defendant denied the allegations with respect to both causes of action and alleged that under the policy of insurance the defendant owes no sum of money whatsoever because by the terms of the policy it is not applicable to the loss claimed by the plaintiff.

Plaintiff demanded a trial by jury but before the beginning of the trial the court dismissed the jury for the reason that from the stipulations, the agreements of facts, and the agreements as to the admission of certain documents in evidence there was no issue of fact to be tried by a jury and directed counsel for the parties to submit memoranda of authorities with respect to the questions (1) whether the provision in the insurance policy which excludes from coverage an automobile which at any time becomes subject to any bailment lease, conditional sale, purchase agreement or other encumbrance not specifically declared and described in the policy, is a valid and enforceable provision of the insurance contract and (2) whether the parties had concluded a settlement agreement enforceable against the defendant.

By its final judgment rendered August 8, 1970, the court found that the exclusionary clause in the policy of insurance was valid and enforceable and excluded from

coverage the loss claimed by the plaintiff and that there had been no negotiated settlement of the claim and held that the plaintiff take nothing and dismissed the action at the cost of the plaintiff.

Though the plaintiff objected to the action of the court in dismissing the jury and in ruling that there had been no negotiated settlement of the plaintiff's claim, the brief of the plaintiff contains no assignment of error as to the action of the court in dismissing the jury and the single assignment of error is the action of the court in holding that the exclusionary provision of the policy. excluded coverage of the loss claimed by the plaintiff.

To the final judgment of the circuit court this appeal was granted September 14, 1970 upon the application of the plaintiff. The sole question for decision is whether the exclusionary provision of the policy of insurance between the insured Henry L. Atkins and the defendant insurer excludes from the coverage of the policy the loss claimed by the plaintiff, the amount of which, if recovered, is stipulated to be $5,475.00. That provision of the policy is in this form: "This policy does not apply: * * * (k) under coverages D, E, F, G, H, I, and J, if the automobile is or at any time becomes subject to any bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance not specifically declared and described in this policy; * * *." Coverage E provision, relating to collision or upset, contains this language: "To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto."

As previously indicated, it is stipulated that the loss, if recoverable, is $5,575.00 less the agreed deductible amount of $100.00 or $5,475.00. At the time of the issuance. of the policy of insurance and at the time of the loss there was a lien against the automobile in the amount of $3,800.00

which lien was not disclosed in the application for the policy and was not declared or described in the policy, and the defendant insurer did not know of its existence until after the loss and until negotiations to pay the loss had progressed to the stage that a check had been drawn to cover the loss which was not delivered when the existence of the encumbrance was discovered during the negotiations. The evidence discloses no fraud upon the part of the insured and apparently his failure to mention the encumbrance in the application or to cause it to be declared and described in the policy was due to inadvertence upon the part of the insured.

The exclusionary provision of the policy is a valid and binding provision. A provision in an automobile insurance policy which excludes liability for loss of property subject to an undeclared and undescribed encumbrance is, in the absence of a statutory provision to the contrary, valid and binding on the parties to the insurance contract and is neither unreasonable nor against public policy. 7 AM. JUR. 2d, *Automobile Insurance*, Section 24; *Hartford Fire Insurance Company* v. *Mutual Savings and Loan Company*, 193 Va. 269, 68 S.E.2d 541, 31 A.L.R.2d 1191. Provisions prohibiting encumbrances and levies upon insured property without the consent of the insurer, inserted in the policy and declaring it to be void in case of a breach of such provision are not only legal and conformable to public policy but are also reasonable and proper. 43 AM. JUR. 2d, *Insurance*, Section 855.

The principle is well settled by the decisions in numerous jurisdictions that a provision in an automobile insurance policy excluding liability for loss of the property subject to an encumbrance which is not specifically declared or described in the policy is, in the absence of a statutory provision to the contrary, valid and binding on the parties. Annotation, 16 A.L.R.2d, page 740, Section 3, page 742, Section 4, and the numerous cases cited in the annotation. There is no statute of this state which applies to or affects a provision against encumbrances in an

automobile insurance contract. The provision which precludes recovery for a loss under a policy of automobile insurance applies equally to theft, fire and collision insurance. Annotation, 16 A.L.R.2d, page 749, Section 7.

In *Aetna Insurance Company* v. *Commercial Credit Company*, 252 Ky. 539, 67 S.W.2d 676, the court held that under an automobile insurance policy which expressly provided that the insured should not be liable for loss or damage to any property insured under the policy while the automobile was subject to any lien, mortgage or other encumbrance, except as set forth in the policy, the existence of a mortgage upon the automobile when the policy was executed and when the loss occurred which was not specifically described in the policy rendered the policy void and precluded any recovery for loss or damage to the automobile. See also *Michigan Automobile Insurance Company* v. *Van Buskirk*, 115 Ohio St. 598, 155 N.E. 186; *Niagara Fire Insurance Company* v. *Mullins*, 218 Ky. 473, 291 S.W. 760; *Harvey* v. *Pawtucket Mutual Fire Insurance Company*, 250 Mass. 164, 145 N.E. 35.

In *Michigan Automobile Insurance Company* v. *Van Buskirk*, 115 Ohio St. 598, 155 N.E. 186, the policy insuring an automobile against loss or damage resulting from collision contained a provision that it should be void if the automobile "be or become incumbered by any lien or mortgage without the assured having given the company immediate written notice of such incumbrance." When the policy was issued and when the loss occurred, the automobile was subject to the lien of a chattel mortgage, the existence of which was not known to the insurer. The court denied a recovery under the policy.

In *Niagara Fire Insurance Company* v. *Mullins*, 218 Ky. 473, 291 S.W. 760, in which recovery was denied because of the existence of mortgages upon the insured real estate and personal property under a fire insurance policy which provided that the policy should be null and void if the property or any part of it should subsequently become mortgaged or encumbered, the court said: "The less

interest that the owner of property has in the property, the less care he is apt to take for the protection and preservation of the property. A mortgage placed on property lessens the interest of the owner and thereby tends to make him more careless in the protection of the property. After the owner has contracted not to mortgage the property, he cannot do so without the consent of the insurance company without forfeiting his policy. The provision is not unreasonable, illegal, or against public policy; therefore it must be upheld."

In *Cuzzola* v. *Tokio Marine & Fire Insurance Company,* 117 W.Va. 169, 184 S.E. 793, in which the plaintiff sought a recovery for a fire loss under an insurance policy which contained a provision that the insurer should not be liable for loss or damage to any property insured while encumbered by a chattel mortgage, unless otherwise provided by agreement, this Court held that such encumbrance relieved the insurer of liability under the policy. The opinion contains this language: "And this Court has held that a deed of trust on chattels will constitute a breach of warranty against encumbrances by 'chattel mortgage' in a fire policy, voiding it, unless waived by the insurer as provided in the policy. *Oliker* v. *Williamsburgh Fire Ins. Co.,* 72 W.Va. 436, 78 S.E. 746, Ann. Cas. 1915 D, 914."

In *Riley* v. *Aetna Insurance Company,* 80 W.Va. 236, 92 S.E. 417, L.R.A. 1917E 983, the fire insurance policy contained a provision which relieved the insurer of liability for loss by fire of personal property subject to encumbrance without the agreement of the insurer, this Court said in the opinion that unless waived in some formal manner the existence of the encumbrance constituted a breach of the promissory warranty in the policy and voided the policy and precluded recovery.

In *Hartford Fire Insurance Company of City of Hartford, Conn.,* v. *Downey,* 223 F. 707, *certiorari denied,* 241 U.S. 671, 36 S. Ct. 722, 60 L. Ed. 1230, (4th cir.), the court held that, under a fire insurance policy which contained a provision that, "This entire policy shall be void if * * *

the subject of insurance be personal property and be or become incumbered by a chattel mortgage.", the existence of the encumbrance of a chattel mortgage avoided the policy as a matter of law.

The provision here under consideration is clear and unambiguous, its meaning is plain and unequivocal, and it is not subject to judicial interpretation.

This Court has uniformly held that where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation but that full effect will be given to the plain meaning intended. *Keffer* v. *The Prudential Insurance Company of America,* 153 W.Va. 813, 172 S.E.2d 714, and the many cases cited in the opinion in that case.

In the *Keffer* case this Court held that the provision in the policy of insurance that "This policy does not provide benefits with respect to: (1) Sickness or injury covered by any workmen's compensation act or occupational disease law;" expressly excluded coverage of an injury covered by any workmen's compensation act and that the plaintiff, having received workmen's compensation benefits which were less than the expenses resulting from the injury and were incurred by him, could not recover such expenses under the policy.

Under the foregoing authorities and many others that could be cited, this Court holds that the existence of a lien upon an automobile insured against loss by collision under a policy which provided that the policy does not apply if the automobile is or at any time becomes subject to encumbrance not specifically declared and described in the policy, constitutes a breach of the insurance contract and relieves the insurer of liability for the loss.

The judgment of the Circuit Court of Monroe County is affirmed.

*Affirmed.*